McClanahan *v.* Stovall.

DAVID McCLANAHAN *et al. v.* T. T. STOVALL *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Former adjudication.* A vendee of part of a crop of tobacco, who has been held liable in an action at law for its value as for a conversion, cannot, by joining his vendor as a co-complainant in a bill, have a retrial of the cause, it not appearing that the defense could not be and was not fully made at law.

FROM TROUSDALE.

Appeal from the Chancery Court at Hartsville. H. H. LURTON, Ch.

GEO. E. SEAY and J. J. TURNER for complainants.

A. McCLAIN for defendants.

COOPER, J., delivered the opinion of the court.

On the 28th of June, 1871, M. McClanahan conveyed to the defendant, T. T. Stovall, his "entire growing crop of tobacco," with power of sale, for the purpose of securing certain specified debts due the defendants, DeBow & Throop, and all that he might owe them for goods purchased to the 1st of April, 1872. Soon after making this conveyance, McClanahan got into a difficulty and fled the country, leaving his son, the complainant, David McClanahan, and three other children, all minors, without any one to take

care of them. The bill says that only a small part of the crop was planted when the trust deed was made, and that complainant David and his three brothers proceeded to plant the residue of the crop, cultivated, cut and housed the same; that complainant's father, when he left, told complainant to take possession of the place, which was rented land, provide for the children, and do the best he could; that complainant did accordingly take charge of the crop, procured provisions, and supported the younger children.

In February, 1872, the defendants, DeBow & Throop, had twelve hundred pounds of the tobacco, worth about $80, hauled off without complainant's knowledge. Complainant David then sold to his co complainant, G. H. Burnley, the residue of the crop of tobacco, receiving the price in cash, with which he paid the rent of the land, and offered to pay defendant Throop the amount due for provisions furnished after the departure of complainant's father, which he refused. The defendant, T. T. Stovall, as trustee, sued co-complainant, G. H. Burnley, for the tobacco purchased by him, and recovered judgment for $158 and costs, but the judgment has been credited with the rent paid. Upon these facts the complainants prayed and obtained an injunction against the execution of the judgment.

The defendants demurred to this bill upon the ground, among others, that it appeared upon the face of the bill that the question of the title to the tobacco had been adjudicated between defendant Stovall and complainant Burnley by a court of competent jurisdic-

McClanahan *v.* Stovall.

tion, the judgment being in full force, and not appealed from.

It is very clear that the judgment at law was a conclusive adjudication of Stovall's title to the tobacco as against Burnley, and the latter could not again litigate the same matter in chancery, the bill failing to show that his defense at law could not be, or was not fully made. It is equally clear that complainant, David McClanahan, had no right to enjoin that judgment, being no party to the suit, nor at all bound by it, nor does the bill disclose any ground for a resort to equity, independent of the injunction. The remedy of David McClanahan, if he had any, was plain, adequate, and unembarrassed at law, for any tobacco converted by DeBow & Throop. The bill shows no cause of action in favor of McClanahan against Stovall. The bill was obviously resorted to by Burnley to obtain a retrial of the suit at law, by the use of the name of his co-complainant. There is no warrant for any such practice.

Reverse the decree, and dismiss the bill with costs.